ALFRED SLEEPER *vs.* UNION INSURANCE COMPANY.

*Evidence.*

A shipmaster and owner procured a marine insurance policy upon his one-quarter of his vessel "on account of whom it may concern;" loss payable to himself. The vessel was lost during the voyage covered by the policy, with the master and all on board. The plaintiff, a creditor of the deceased master, brought this action upon the policy claiming that it was obtained for his benefit. He introduced testimony of the declarations of the deceased that if the plaintiff would make him a loan he would secure him by a policy on this vessel; and subsequent declarations that the loan had been made to him by the plaintiff and that he had secured the plaintiff by procuring a policy for his benefit. It was held that this testimony was inadmissible without proof that the deceased was acting as plaintiff's agent in effecting the insurance, and that the declarations themselves were not competent for this purpose.

Evidence was introduced to prove the insolvency of the estate of the deceased; *held,* that it was improperly admitted.

ON EXCEPTIONS.

This action is based upon a policy of insurance upon schooner Abby Brackett, issued by the defendant company to one E. K. Alexander, " on account of whom it may concern," loss (if any) payable to him. The plaintiff claimed that the policy was procured by Alexander for his (Sleeper's) benefit. By his own testimony and that of Dr. Thomas Frye he proved that Capt. Alexander wished to purchase one-quarter of this schooner, but had not the means, and desired to borrow $2,250 of the plaintiff for this purpose, proposing to secure $750 of it by mortgage upon real estate, and $1,500 by mortgage of the quarter of the vessel and a policy of insurance for Sleeper's benefit; and Dr. Frye testified that Alexander subsequently told him he had obtained the loan of Sleeper, given the mortgages and procured the policy for Capt. Sleeper's benefit. This transaction was in November, 1866. The vessel was lost at sea with all on board, including Alexander, April 13, 1867. Soon after hearing of the loss the plaintiff ascertained what company issued the policy, asked the widow and administra-

trix of Capt. A. for it, but she refused to surrender possesssion of it, and Sleeper then notified the defendants that he claimed it and forbade its payment to any other person.    Mrs. Alexander, in her capacity of administratrix, afterwards instituted suit upon the policy and recovered judgment at the return term against the defendants on it upon their default; and the corporation paid the execution which issued on this judgment.

Captain Sleeper then brought this suit.    At the trial he offered the probate records to show the estate of Alexander represented insolvent by the administratrix and they were admitted against the defendants' objection.    The defendants also objected to the admission of Capt. Alexander's declarations hereinbefore mentioned as to the person for whose benefit he obtained the policy; and to the ruling, receiving this evidence, they excepted.

*Charles P. Stetson*, in support of the exceptions.

1. After stating the facts, counsel contended that Capt. Alexander being the owner and the loss payable to him the company were authorized to pay it to his representative. *Farrow* v. *Commonwealth Ins. Co.*, 18 Pick. 55; *Herman* v. *Louisiana State Ins. Co.*, 7 Louisiana, 502; Parsons on Maritime Law, 30; *Reed* v. *Pacific Ins. Co.*, 1 Met. 171.

The judge erred in refusing requested instruction that the jury might take into consideration the language of the policy in determining for whose benefit it issued.

2. Dr. Frye's testimony improperly admitted. Plaintiff can only recover as the principal of E. K. Alexander; or, in other words, the policy is of no avail to him unless it be shown that Capt. Alexander acted as his agent in procuring it.    *Newson* v. *Douglass*, 7 H. & J. 450; Parsons' Mar. Law, 30, note 1.

There must be proof of agency before admitting declarations of the alleged agent.    *Hazeltine* v. *Miller*, 44 Maine, 181.    And the agency cannot be proved by the declarations of the professed agent, however publicly made, nor if he even sign the principal's name, by himself, as agent.    *Tuttle* v. *Call*, 5 Pick. 417; *Brigham* v. *Peters*, 1 Gray, 145; *Boynton* v. *Laighton*, 1 Allen, 509.

The conversation of Sleeper and Frye was improperly admitted; and that of Dr. Frye with Capt. Alexander was several days before and a week after the arrangement was concluded, and were either before the agency was created, if any ever existed, or after it had terminated; hence, they were mere hearsay and no part of *res gestæ.* 1 Greenleaf on Ev. § 124; *Corbin* v. *Adams,* 6 Cush. 93; *Lane* v. *Bryant,* 9 Gray, 246; *Stiles* v. *Western R. R.* 8 Met. 45; *Haven* v. *Brown,* 7 Greenl. 424; *Fairlee* v. *Hastings,* 10 Vesey, 123; *Lucas* v. *Trumball,* 15 Gray, 309; *Myers* v. *Ward,* 19 Conn. 269; *Beecher* v. *Mayall,* 16 Gray, 376; *Allen* v. *Holton,* 20 Pick. 464.

The records showing insolvency of Alexander's estate were improperly admitted. They were entirely irrelevant to the issue. *Simpson* v. *Carleton,* 1 Allen, 111; *Hilton* v. *Scarborough,* 5 Gray, 422; *Veazie* v. *Hosmer,* 11 Gray, 396; *Agawam Bank* v. *Sears,* 4 Gray, 98; *Shepard* v. *Ashley,* 10 Allen, 542; *Graves* v. *Jacobs,* 8 Allen, 141; *Com.* v. *Willard,* 2 Gray, 294; *Com.* v. *Madden,* 1 Gray, 486; *Orcutt* v. *Ranney,* 10 Cush. 182.

The verdict was against the evidence and the weight of evidence.

*Gould & Moore,* for plaintiff.

It was competent for the plaintiff to show that insurance effected " on account of whom it may concern " was intended for his benefit. *Aldrich* v. *Equitable Ins. Co.* 1 W. & M. 272; Angell on Ins. §§ 78–82, 379; 1 Arnould on Ins. 25, 26, note; *Stephenson* v. *Piscataqua Ins. Co.* 54 Maine, 72.

And this may be shown by parol. 2 Duer on Ins. 9, 29, §§ 8, 21; 1 Arnould on Ins. 170, note 2; 2 Arnould on Ins. 1249, § 433, note 1; Angell on Ins. § 82, last clause; 2 Parsons' Mar. Law, 29, 30, and notes; *French* v. *Backhouse,* 5 Burr. 2727; *Finney* v. *Bedford Ins. Co.,* 8 Met. 348.

A mortgagee can recover on such a policy if it was his interest it was intended to cover. 2 Phillips on Ins. 378; *Motley* v. *Manuf. Ins. Co.,* 29 Maine, 337. So can any other interested party, if such was the intention when the policy was issued. *Jefferson Ins.*

*Co.* v. *Cotheal,* 7 Wend. 72; 2 Duer on Ins. 29. Or he may ratify the obtaining of a policy in his. behalf by subsequent adoption of it. 1 Arnould on Ins. 169 *et seq.*; *Finney* v. *Fairhaven Ins. Co.,* 5 Met. 192; 2 Parsons' Mar. Law, 33.

And may forbid suit thereon in the name of the party procuring it. *Copeland* v. *Mercantile Ins. Co.,* 6 Pick. 198.

And sue it himself. *Farrow* v. *Com. Ins. Co.,* 18 Pick. 53.

Alexander's declarations were properly admitted. 1 Greenleaf on Ev. §§ 147, 189–191; *Smith* v. *Smith,* 3 Bing. 29; *Ivat* v. *Finch,* 1 Taunt. 141; *Hodges* v. *Hodges,* 2 Cush. 460.

They were declarations of one in possession and against his interest, which are therefore admissible. 1 Starkie on Ev. 70; 1 Phillips on Ev. (7 ed.) 358; *Hatch* v. *Dennis,* 10 Maine, 244; *White* v. *Loring,* 24 Pick. 319, 323; *Holt* v. *Walker,* 26 Maine, 107; *Dailey* v. *Gower,* 24 Maine, 563.

Being of facts peculiarly within his knowledge they should be admitted after his death, when the statements are against his interest when made. *Hingham* v. *Ridgway,* 1 East. 109 in 2 Smith's Leading Cases, 193; *Stair* v. *N. Y. Nat. Bank,* 54 Penn. St. 364; 1 Greenleaf on Ev. § 108. See also, *Edwards* v. *Currier,* 43 Maine, 482.

The records of insolvency are not made part of the reported case; hence they are not before the court, and the court cannot judge of it.

It is of no consequence that Capt. Alexander had an insurable interest. The question is, "For whose benefit was this policy procured and intended?"

Appleton, C. J.   E. K. Alexander being indebted to the plaintiff on a note dated Nov. 2, 1866, for $1,500, payable in one year, gave him at that date a mortgage on his quarter of the schooner Abbie Brackett.

On the 10th of the same November, Alexander effected an insurance of $2,000 on the schooner Abbie Brackett "on account of whom it may concern, loss payable to him . . . against a total loss only."

The vessel was lost within the time specified in the policy, with all on board, among whom was E. K. Alexander, the master.

Annie D. Alexander, the widow of E. K. Alexander, was appointed administratrix on the estate of her husband, commenced a suit upon the policy to which reference has been had, and obtained judgment for a total loss, which the defendants have paid.

As the policy was " on account of whom it may concern," this plaintiff claims that it was effected for his benefit, and this was the question presented to the jury for their determination.

To maintain the issue on his part the plaintiff offered to prove the insolvency of Alexander's estate. An objection being made, it was withdrawn. The offer was again made and the record showing the insolvency was put in, subject to objection, with the accompanying remark, that " it is simply the declaration of the administrator that the estate is insolvent."

This testimony in any aspect of the case was inadmissible. The declarations of the administratrix were no more competent than the declarations of any one else. The solvency or insolvency of the estate of Alexander had no tendency to prove the issue on trial. But it did have a tendency to show that the plaintiff's remedy against the estate would be of little value. It is obvious that able counsel might make effective use of this fact adversely to the defendants. Nor can we believe that its admission would have been thus strenuously and persistently urged unless the counsel thus urging supposed it would have an effect upon the jury favorable to his client. Its admission would hardly have been thus repeatedly insisted upon, if regarded as unimportant.

The plaintiff claims that Alexander was his agent and effected the policy in suit for his security. To prove this, Thomas Frye was called, who testified as follows: " Capt. Alexander called to see me and expressed thanks for the assistance I had offered. He told me he obtained the money of Capt. Sleeper. He offered to me his thanks and offered to pay me. He said he had ordered or effected the insurance for $2,000 for Capt. Sleeper's benefit, for security in addition to the mortgages, and carried out the details in

Sleeper *v.* Union Insurance Company.

regard to the land.   He said he had given a mortgage bill of sale and a mortgage deed."

This evidence was received against the objections of the counsel for the defendants.   It is difficult to perceive upon what grounds it can be regarded as admissible.

Were Alexander living, this testimony of his declarations would not have been admissible except to contradict statements of his as a witness.   The fact of agency is not to be proved by the statements of an agent asserting his agency.   There must be proof of agency before the declarations of an agent are admissible, and then only such are received as are strictly part of the *res gestœ*.   *Hazeltine* v. *Miller*, 44 Maine, 177.   The general and well-settled rule that the declarations of an agent while in the transaction of the business confided to his charge, are binding upon the principal. But his recital of past transactions are hearsay and are not admissible.   *Burnham* v. *Ellis*, 39 Maine, 320.   The same rule applies to prospective intentions.   The declarations as testified to by Frye are either the statements of what Alexander had done or proposed doing.   The plaintiff, if Alexander was his agent, could not have been prejudiced by the conversations of his agent before he had entered upon the business of his agency, or after its termination, when the objects for which he had been appointed were accomplished.   Neither can such recitals of past events or proposed undertakings be used by him as testimony against these defendants.

As the evidence shows that the policy was never in Alexander's possession and, indeed, had not been issued at the time of this conversation, these declarations can hardly be deemed admissible as those of a person in possession, for he never had possession of the policy or knew that one had been issued.

These declarations were offered, not merely to negative the title of Alexander, but to establish one in the plaintiff.   These declarations are the merest hearsay, and upon no recognized principle of evidence, can they be deemed evidence between third parties.

*Exceptions sustained.*

KENT, WALTON, DANFORTH, and VIRGIN, JJ., concurred.